FCX, INC., PLAINTIFF v. WILLIAM BAILEY AND REYNOLDS BAILEY, D/B/A NOVA TERRA COMPANY, ORIGINAL DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. SOUTHERN RAILWAY COMPANY, THIRD-PARTY DEFENDANT

No. 7210DC101

(Filed 29 March 1972)

**1. Contracts § 14— third-party beneficiary**

If a contract was not made for the benefit of a third party, he has no cause of action upon the contract to enforce it or sue for its breach.

**2. Contracts § 14— third-party beneficiary — insufficiency of complaint**

In an action instituted by plaintiff to recover the purchase price of sows sold and delivered to original defendants, a third-party complaint filed by the original defendants alleging (1) that the sows were purchased by plaintiff from the third-party defendant, (2) that the third-party defendant breached its agreement with plaintiff, and (3) that the third-party defendant was fully aware of the agreement between plaintiff and original defendants, *is held* insufficient to state a claim for relief for damages as third party beneficiaries for breach of the contract between plaintiff and the third-party defendant.

**3. Rules of Civil Procedure § 10— pleadings — prior statements — incorporation by reference**

>    While G.S. 1A-1, Rule 10(c), permits an incorporation by reference of statements made in other parts of a pleading, counsel should be careful to ascertain that the prior statement will properly express the intent of the immediate paragraph into which the prior statement is incorporated by reference.

APPEAL by original defendants, William Bailey and Reynolds Bailey, from *Preston, District Judge,* 23 August 1971 Session of District Court held in Wake County.

This action was instituted by FCX, Inc., to recover the purchase price of twenty-three sows sold and delivered to the original defendants, William Bailey and Reynolds Bailey (Bailey). Bailey admitted the delivery of the sows, but alleged a breach of agreement with respect to the condition of the sows; Bailey alleged the sows were not accepted and sought affirmative relief for damages against FCX. Bailey, as third-party plaintiff, alleged that FCX purchased the twenty-three sows from Southern Railway Company (Southern); that Southern was aware of the agreement between FCX and Bailey; that Southern breached its sales agreement with FCX; and that Bailey, as third-party beneficiary of the agreement between Southern and FCX, is entitled to recover damages against Southern. At Bailey's instance, Southern was made a third-party defendant.

Southern filed a motion to dismiss the third-party complaint by Bailey against Southern under G.S. 1A-1, Rule 12(b)(6), upon the grounds that the third-party complaint failed to state a claim upon which relief can be granted. The motion to dismiss was allowed by Judge Preston; Bailey, as third-party plaintiff, has appealed.

*Spruill, Trotter & Lane, by John R. Jolly, Jr., for William Bailey and Reynolds Bailey—appellants.*

*Smith, Anderson, Blount & Mitchell, by John L. Jernigan, for Southern Railway Company—appellee.*

BROCK, Judge.

Appellants (Bailey), as third-party plaintiffs, allege in substance that: (1) the sows involved in the FCX complaint were purchased by FCX from Southern, (2) Southern breached

its agreement with FCX, and (3) Southern was fully aware of the agreement between FCX and Bailey. Upon these allegations, Bailey concludes that they are entitled to recover from Southern as third-party beneficiaries of the agreement between Southern and FCX.

[1] "If the contract was not made for the benefit of the third party, he has no cause of action upon the contract to enforce it, or sue for its breach. [citations]. The real test is said to be whether the contracting parties intended that a third person should receive a benefit which might be enforced in the courts. [citations]." *Products Corp. v. Sanders,* 264 N.C. 234, 141 S.E. 2d 329.

[2] G.S. 1A-1, Rule 8, requires that a pleading shall contain a plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of the transactions or occurrences, intended to be proved showing that the pleader is entitled to relief. Nowhere in the third-party complaint is there a statement which gives notice of transactions or occurrences from which the courts can reasonably conclude that Bailey has a claim against Southern on any legal theory. Bailey's allegation of the mere conclusion that they are third-party beneficiaries is not sufficient.

[3] We note that in undertaking to allege a breach by Southern of its contract with FCX, Bailey incorporates by reference their allegations of breach by FCX of its contract with Bailey. G.S. 1A-1, Rule 10(c) permits an incorporation by reference of statements made in other parts of a pleading. However, counsel should be careful to ascertain that the prior statement will properly express the intent of the immediate paragraph into which the prior statement is incorporated by reference. In the present case, Bailey alleges specific breaches by FCX of its contract with Bailey; but, when these allegations are incorporated verbatim into the paragraph in which Bailey undertakes to allege a breach by Southern of its contract with FCX, it creates a problem of interpolation and guesswork as to what Bailey's allegations against Southern really are. Each of the allegations refers to delivery of sows to Bailey, representations to Bailey, or representations by FCX. In order for the allegations to have some meaning against Southern, it seems they would need to refer to delivery of sows to FCX, representations to FCX, or representations by Southern. G.S. 1A-1, Rule 8(f) provides:

"All pleadings shall be so construed as to do substantial justice." However, in giving a liberal construction the courts should not engage in judicial amending or rewriting of pleadings.

The order dismissing the third-party action is affirmed.

Judges HEDRICK and VAUGHN concur.