IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-308

 Filed: 6 February 2018

Wake County, No. 15 CVS 12223

RICHARD B. SPOOR, Derivatively, on behalf of Defendant JR International
Holdings, LLC, Plaintiff,

 v.

JOHN M. BARTH, JR., JOHN BARTH (SR.), and JR INTERNATIONAL
HOLDINGS, LLC, Defendant.

 Appeal by plaintiff from order entered 12 October 2016 by Judge Robert T.

Sumner in Wake County Superior Court. Heard in the Court of Appeals 4 October

2017.

 Barry Nakell, for plaintiff-appellant.

 WilsonRatledge, PLLC, by Reginald B. Gillespie, Jr. and N. Hunter Wyche, Jr.;
 and Foley & Lardner LLP, by Michael J. Small, pro hac vice, for defendant-
 appellee John M. Barth.

 Manning Fulton & Skinner, P.A., by Judson A. Welborn and J. Whitfield
 Gibson, for defendant-appellee John Barth, Jr.

 ELMORE, Judge.

 Richard B. Spoor (plaintiff), derivatively on behalf of JR International

Holdings, LLC (“JR Holdings”), appeals from an order (1) dismissing under Rule

12(b)(6) his derivative claims against John Barth Sr. (“Sr.”) and John Barth Jr. (“Jr.”)

(defendants) as barred by the statute of limitations and (2) denying his Rule 15(a)
 SPOOR V. BARTH

 Opinion of the Court

motion to amend his complaint to add additional derivative claims as futile. We

affirm in part and reverse in part.

 I. Background

 This is Spoor’s second appeal to our Court. While we address only the factual

and procedural background relevant to address this appeal, a more thorough

background of this case may be found in our prior decision. See Spoor v. Barth, ___

N.C. App. ___, ___, 781 S.E.2d 627, 629–32, disc. rev. and cert. denied, ___ N.C. ___,

787 S.E.2d 38, and disc. rev. and cert. denied, ___ N.C. ___, 789 S.E.2d 4 (2016)

(“Spoor I”).

 In 2012, Spoor filed his first amended complaint (“FAC”) and second amended

complaint (“SAC”) (collectively, the “2012 Complaint”) against Sr. and Jr., asserting

several individual claims against both defendants and one derivative claim, on behalf

of JR Holdings, against Jr. for breach of fiduciary duty. In response, Sr. moved for

summary judgment on grounds that Spoor lacked standing and that his claims were

barred by the statutes of limitation; Jr. moved for summary judgment on the ground

that Spoor lacked standing. On 19 June 2014, the trial court granted summary

judgment in defendants’ favor as to Spoor’s individual claims on the grounds asserted

by defendants. On 17 September 2014, Spoor moved under Rule 41(a)(1) of our Rules

of Civil Procedure to voluntarily dismiss his derivative claim. Spoor then appealed

the summary judgment order, which we reversed. See Spoor I, ___ N.C. App. at ___,

 -2-
 SPOOR V. BARTH

 Opinion of the Court

781 S.E.2d at 637. We held that the statute of limitations issue as to Spoor’s

individual claims against Sr. raised a question of fact for the jury, and that Spoor had

standing to sue defendants individually. Id. at ___, ___, 781 S.E.2d at 635, 637.

 On 10 September 2015, within one year of his Rule 41(a)(1) dismissal, Spoor

filed another complaint (“2015 Complaint”), asserting derivative claims against both

defendants for breach of contract (“first 2015 derivative claim”) and for breach of

fiduciary duty (“second 2015 derivative claim”). On 7 October 2015, Spoor amended

his 2015 Complaint as a matter of course under Rule 15(a) of our Rules of Civil

Procedure “solely to change the style of the case to show that he is bringing the case

derivatively only and not individually.” On 2 November 2015, Spoor again moved

under Rule 15(a) to amend his 2015 Complaint to add derivative claims for fraud and

for unfair and deceptive trade practices (“UDTP”) against both defendants. Relevant

here, defendants moved under Rule 12(b)(6) to dismiss the 2015 Complaint, alleging

that Spoor’s first and second 2015 derivative claims were barred by the statutes of

limitation, and that Rule 41(a)(1)’s one-year extension period did not apply to save

those claims.

 After these and other motions were consolidated and heard on 8 April 2016,

the trial court entered an order on 12 October 2016. In relevant part, that order

granted defendants’ Rule 12(b)(6) motion on the ground that Spoor’s derivative claims

were barred by the statutes of limitation, thereby dismissing those claims with

 -3-
 SPOOR V. BARTH

 Opinion of the Court

prejudice; and denied Spoor’s Rule 15(a) motion to add the derivative fraud and

UDTP claims in relevant part for futility, effectively ending Spoor’s 2015 action.

Spoor appeals.

 II. Analysis

 On appeal, Spoor contends the trial court erred by dismissing with prejudice

his first and second 2015 derivative claims under Rule 12(b)(6). He contends the trial

court erroneously concluded that his 2012 Complaint neither alleged (1) those

derivative claims against defendants, nor (2) the derivative fraud and UDTP claims,

on the ground that he effectively incorporated by reference those claims in his 2012

Complaint under Rule 10(c) of our Rules of Civil Procedure. Spoor further contends

that the trial court erred by concluding (3) his derivative fraud and UDTP claims

would not relate back to the date he filed his 2012 Complaint under Rule 15(c) of our

Civil Procedure Rules and, therefore, that the trial court (4) abused its discretion by

denying his Rule 15(a) motion to add those claims on the ground that his proposed

amendment would be futile.

A. Rule 12(b)(6) Dismissal

 Spoor first contends the trial court erred in dismissing on statute-of-limitation

grounds his first and second 2015 derivative claims against defendants. He argues

the trial court erroneously concluded that he did not assert these claims in his 2012

Complaint, because, Spoor contends, he effectively “incorporat[ed] those claims in his

 -4-
 SPOOR V. BARTH

 Opinion of the Court

derivative claim” under Rule 10(c). Thus, Spoor argues, Rule 41(a)(1)’s relation-back

provision applied to interpose a filing date on those claims of the date his 2012

Complaint was filed and, therefore, his first and second 2015 derivative claims were

asserted within the applicable statutory limitation periods. We disagree.

 We review de novo a Rule 12(b)(6) dismissal order. State Emps. Ass’n of N.C.,

Inc. v. N.C. Dep’t of State Treasurer, 364 N.C. 205, 210, 695 S.E.2d 91, 95 (2010). The

scope of our review is “whether, as a matter of law, the allegations of the complaint,

treated as true, are sufficient to state a claim upon which relief may be granted under

some legal theory.” Id. (citations and quotation mark omitted). Our “system of notice

pleading affords a sufficiently liberal construction of complaints so that few fail to

survive a motion to dismiss.” Wray v. City of Greensboro, ___ N.C. ___, ___, 802 S.E.2d

894, 898 (2017) (citation and quotation mark omitted). But “[d]ismissal is warranted

if an examination of the complaint reveals that no law supports the claim, or that

sufficient facts to make a good claim are absent, or that facts are disclosed which

necessarily defeat the claim.” State Emps. Ass’n of N.C., 364 N.C. at 210, 695 S.E.2d

at 95 (citation omitted). Claims asserted after the statutory limitation period has

expired cannot survive. See, e.g., Marzec v. Nye, 203 N.C. App. 88, 93, 690 S.E.2d

537, 541 (2010) (“[A] motion to dismiss under Rule 12(b)(6) is an appropriate method

of determining whether the statutes of limitation bar [a] plaintiff’s claims if the bar

is disclosed in the complaint.” (citation and quotation marks omitted)).

 -5-
 SPOOR V. BARTH

 Opinion of the Court

 Rule 8(a)(1) of our Rules of Civil Procedure requires that complaints include

“[a] short and plain statement of the claim sufficiently particular to give the court

and the parties notice of the transactions, occurrences, or series of transactions or

occurrences, intended to be proved showing that the pleader is entitled to relief. . . .”

N.C. Gen. Stat. § 1A-1, Rule 8(a)(1) (2015). A complaint sufficiently states a claim

upon which relief can be granted when

 it gives sufficient notice of the events or transactions which
 produced the claim to enable the adverse party to
 understand the nature of it and the basis for it, to file a
 responsive pleading, and by using the rules provided for
 obtaining pretrial discovery to get any additional
 information he may need to prepare for trial.

Wray, ___ N.C. at ___, 802 S.E.2d at 898 (citation and quotation marks omitted).

 Here, in his 2012 Complaint, Spoor advanced in relevant part the following

individual claims: (1) a breach of contract as a third-party beneficiary claim against

Sr., (2) a breach of fiduciary duty claim against Jr., (3) a fraud claim against both

defendants, and (4) a UDTP claim against both defendants. After listing those claims,

Spoor also advanced a single “DERIVATIVE CLAIM” in which he “reallege[d] the

allegations of” every preceding paragraph of his 2012 Complaint, but specifically

advanced only a derivative breach of fiduciary duty claim against Jr (“2012 derivative

claim”). The 2012 derivative claim alleged in relevant part:

 143. Plaintiff realleges the allegations of Paragraphs 1
 through 142.

 -6-
 SPOOR V. BARTH

 Opinion of the Court

 144. Barth, Jr. owes a fiduciary duty to JR International
 Holdings, LLC, and to Plaintiff.

 145. Barth, Jr. has breached his fiduciary duty by failing to
 perform on his commitment to invest or contribute the sum
 of $8,000,000 to JR International Holdings, LLC.

 146. This breach by Barth, Jr. was knowing, willful,
 wanton and grossly negligent.

 147. Barth, Jr’s breach has damaged JR International
 Holdings, LLC and Plaintiff in an amount in excess of
 $8,000,000.

 148. Plaintiff has made several demands in and after
 October 2011 on Barth, Jr. that he fulfill his obligation to
 invest or contribute $8,000,000 into JR International
 Holdings, LLC, but Barth, Jr. has continued to fail and
 refuse to do so. On February 11, 2009, Plaintiff, through
 counsel, wrote to Barth, Jr., advising Barth, Jr. of his
 failure to make his contractual contribution of funds to JR
 International Holdings, LLC, and, demanded that Barth,
 Jr. remedy the situation by making his agreed payment of
 $8,000,000 to JR International Holdings, LLC. On October
 5, 2011, Plaintiff filed his original Complaint in this action
 against Barth, Jr., in which he complained that Barth, Jr.
 had failed to fulfill his obligation to invest or contribute
 $8,000,000 into JR International Holdings, LLC, and
 demanded that Barth, Jr. remedy that situation by making
 his agreed payment of $8,000,000 to JR International
 Holdings, LLC.

In his 2015 Complaint, Spoor, on behalf of JR Holdings, advanced derivative claims

against both defendants for breach of contract, the first 2015 derivative claim, and

for breach of fiduciary duty, the second 2015 derivative claim.

 -7-
 SPOOR V. BARTH

 Opinion of the Court

 Spoor argues on appeal that his 2012 derivative claim effectively incorporated

by reference all of the individual claims he asserted in his 2012 Complaint under Rule

10(c) and, therefore, his first and second 2015 derivative claims were properly alleged

in his 2012 Complaint. We disagree.

 Rule 10(c) of our Rules of Civil Procedure provides: “Statements in a pleading

may be adopted by reference in a different part of the same pleading or in another

pleading. . . .” N.C. Gen. Stat. § 1A-1, Rule 10(c) (2015). However, even when

construing a complaint liberally, Rule 10(c) does not permit courts to “engage in

judicial amending or rewriting of pleadings.” FCX, Inc. v. Bailey, 14 N.C. App. 149,

152, 187 S.E.2d 381, 382–83 (1972) (holding that a plaintiff did not effectively under

Rule 10(c) incorporate by reference a breach of contract claim against one party, when

it alleged a breach of contract claim against another party).

 Even under our notice-pleading standard, we conclude that Spoor’s 2012

derivative claim was alleged so specifically that it failed to put Sr. on notice of any

derivative claims against him, or to put Jr. on notice of a derivative breach of contract

claim against him. Spoor was entitled under Rule 10(c) to incorporate factual

allegations by reference into his 2012 derivative claim. But even under a liberal

construction, to interpret the 2012 derivative claim as effectively incorporating by

reference every other individual claim asserted in the 2012 Complaint would amount

 -8-
 SPOOR V. BARTH

 Opinion of the Court

to impermissible “judicial amending or rewriting of pleadings.” FCX, 14 N.C. App. at

152, 187 S.E.2d at 382–83.

 Rule 41(a)(1) of our Rules of Civil Procedure provides that when a party

voluntarily dismisses a claim without prejudice, “a new action based on the same

claim may be commenced within one year after such dismissal . . . .” N.C. Gen. Stat.

§ 1A-1, Rule 41(a)(1) (2015). But Rule 41(a)(1)’s relation-back provision applies only

to claims in a subsequent complaint that were included in the voluntarily dismissed

complaint. See Williams v. Lynch, 225 N.C. App. 522, 523, 741 S.E.2d 373, 374 (2013)

(“Although [the plaintiff] contends the causes of action in her second complaint were

timely under Rule 41 because they arose out of the same facts and transactions as

her first complaint, binding precedent requires that we look only at whether the

claims in the second complaint were included in the first complaint.”).

 Because the only derivative claim Spoor advanced in his 2012 Complaint was

one for breach of fiduciary duty against Jr., the trial court properly concluded that

Rule 41(a)(1)’s relation-back provision did not apply to the first or second 2015

derivative claims against Sr., or to the first 2015 derivative claim against Jr. Since

those claims were first brought in the 2015 Complaint, after the applicable limitation

periods had expired, the trial court properly dismissed those claims under Rule

12(b)(6) as barred by the statutes of limitation. However, because Spoor brought a

derivative breach of fiduciary duty claim against Jr. in his 2012 Complaint, Rule

 -9-
 SPOOR V. BARTH

 Opinion of the Court

41(a)(1)’s relation-back provision applied to the second 2015 derivative claim against

Jr., interposing a filing date of 14 February 2012, when Spoor filed his FAC.

 Typically, “[b]reach of fiduciary duty claims accrue upon the date when the

breach is discovered and are subject to a three year statute of limitations.” Trillium

Ridge Condo. Ass’n, Inc. v. Trillium Links & Vill., LLC, 236 N.C. App. 478, 501, 764

S.E.2d 203, 219 (2014) (citation omitted). However, “[t]he provisions of a written

contract may be modified or waived . . . by conduct which naturally and justly leads

the other party to believe the provisions of the contract are modified or waived.”

Whitehurst v. FCX Fruit & Vegetable Serv., Inc., 224 N.C. 628, 636, 32 S.E.2d 34, 39

(1944) (citations omitted).

 In Spoor I, we specifically addressed whether Spoor’s individual claims against

Sr. were subject to a summary judgment dismissal on statute-of-limitation grounds.

___ N.C. App. at ___, 781 S.E.2d at 633. We held that Spoor’s 2012 Complaint raised

a factual question as to when those claims actually accrued due to Sr. and Jr.’s

repeated reassurances that they would deliver on their promised $8,000,000

contribution. Id. at ___, 781 S.E.2d at 634–35. Reviewing the allegations of Spoor’s

2012 Complaint, we explained:

 The complaint also alleged that on 17 August 2009, Junior
 submitted to AmerLink’s bankruptcy attorney an e-mail
 purporting to be from Senior which committed to providing
 “money necessary to purchase the AmerLink loan from
 NCB. I understand that this may be $8.2M. This loan will
 be made upon plan confirmation.” The following day on 18

 - 10 -
 SPOOR V. BARTH

 Opinion of the Court

 August 2009, Senior notified AmerLink’s bankruptcy
 attorney that he was not the source of the 17 August 2009
 e-mail and that “he has no intention to provide any
 financing in connection with the AmerLink Chapter 11.”

Id. at ___, 781 S.E.2d at 631. Thus, we reasoned:

 A jury could determine that plaintiff’s causes of action did
 not accrue until 18 August 2009 when Senior notified
 AmerLink’s bankruptcy attorneys that Senior had no
 intention of financing AmerLink’s Chapter 11 bankruptcy,
 contrary to the assurances made by Junior. Therefore,
 plaintiff's first amended complaint filed 14 February 2012
 that included Senior as a defendant would have been
 commenced within the three-year statute of limitations for
 the breach of contract and fraud claims . . . .

Id. at ___, 781 S.E.2d at 635. Accordingly, we reversed the trial court’s summary

judgment ruling on the statute-of-limitation grounds. Id.

 Under the law-of-the-case doctrine,

 when an appellate court passes on a question and remands
 the cause for further proceedings, the questions there
 settled become the law of the case, both in subsequent
 proceedings in the trial court and on subsequent appeal,
 provided the same facts and the same questions which
 were determined in the previous appeal are involved in the
 second appeal.

Hayes v. City of Wilmington, 243 N.C. 525, 536, 91 S.E.2d 673, 681–82 (1956)

(citations omitted). While this case presents a question as to when Spoor’s derivative

breach of fiduciary duty claim against Jr. accrued for purposes of a Rule 12(b)(6)

dismissal, the same facts are present, and we see no analytical difference between

this question and the question we decided in Spoor I under the more stringent

 - 11 -
 SPOOR V. BARTH

 Opinion of the Court

summary judgment review standard. Spoor’s 2012 Complaint does not contain

allegations establishing that the statute of limitations has run as to the derivative

breach of fiduciary duty claim based on Jr.’s failure to perform on his commitment to

invest $8,000,000 to JR Holdings. Liberally construing the allegations in Spoor’s

2012 Complaint similarly raises a factual question as to when a derivative breach of

fiduciary duty claim against Jr. actually accrued. Therefore, Spoor’s second 2015

derivative claim against Jr. was improperly dismissed under Rule 12(b)(6) as barred

by the statute of limitations, and we reverse the trial court’s ruling on this claim.

 In summary, we affirm the trial court’s Rule 12(b)(6) ruling to the extent that

it dismissed Spoor’s first 2015 derivative claim against Sr. and Jr., and his second

2015 derivative claim against Sr., as these claims were barred by the statute of

limitations. But we reverse the trial court’s ruling to the extent that it dismissed

Spoor’s second 2015 derivative claim against Jr. on statute-of-limitation grounds.

B. Rule 15(a) Denial

 Spoor next contends that the trial court abused its discretion by denying on

futility grounds his Rule 15(a) motion to amend his 2015 Complaint to add derivative

claims against defendants for fraud and UDTP. He contends the trial court

improperly concluded that he failed to allege these claims in his 2012 Complaint for

the same reason advanced above—that is, that Spoor effectively incorporated by

reference these individual claims into his derivative claim under Rule 10(c).

 - 12 -
 SPOOR V. BARTH

 Opinion of the Court

Therefore, Spoor argues, these claims should have related back to the filing of his

2012 Complaint under Rule 15(c) of our Rules of Civil Procedure. We disagree.

 Rule 15(a) of our Rules of Civil Procedure provides that where, as here, a party

has previously amended his pleading once as a matter of course, “a party may amend

his pleading only by leave of court . . . and leave shall be freely given when justice so

requires. . . .” N.C. Gen. Stat. § 1A-1, Rule 15(a) (2015). But justice does not so

require when an amendment would be futile. See, e.g., Smith v. McRary, 306 N.C.

664, 671, 295 S.E.2d 444, 448 (1982) (“The facts [the plaintiff] attempts to add[ ] . . .

are insufficient to state a second claim for relief; therefore [the] plaintiff’s proposed

amendment could not withstand a motion to dismiss for failure to state a claim.

Because to grant his motion to amend would be a futile gesture, the denial of his

motion was not error.” (citations omitted)); City of Winston-Salem v. Yarbrough, 117

N.C. App. 340, 347–48, 451 S.E.2d 358, 364 (1994) (“Reasons which might justify . . .

a [Rule 15(a)] denial include the futility of a proposed amendment. Where the facts

alleged in a proposed amendment would not state a claim for relief, it is not error to

deny the motion to amend.” (citations omitted)). “A motion to amend under Rule 15(a)

is addressed to the sound discretion of the trial judge and the denial of such motion

is not reviewable absent a clear showing of an abuse of discretion.” Smith, 306 N.C.

at 671, 295 S.E.2d at 448 (citations and internal quotation marks omitted).

 - 13 -
 SPOOR V. BARTH

 Opinion of the Court

 Rule 15(c) of our Rules of Civil Procedure governs the relation back of Rule

15(a) amendments and provides:

 A claim asserted in an amended pleading is deemed to have
 been interposed at the time the claim in the original
 pleading was interposed, unless the original pleading does
 not give notice of the transactions, occurrences, or series of
 transactions or occurrences, to be proved pursuant to the
 amended pleading.

N.C. Gen. Stat. § 1A-1, Rule 15(c) (2015).

 Spoor contends that his 2012 Complaint gave defendants sufficient notice of

the derivative fraud and UDTP claims he proposed adding to his 2015 Complaint and,

therefore, under Rule 15(c), those claims should relate back to the 2012 Complaint

and be interposed with the FAC’s 14 February 2012 filing date. We disagree.

 Having concluded above that Spoor’s 2012 Complaint only advanced a single

derivative claim for breach of fiduciary duty against Jr., and that his individual

claims were not incorporated by reference into his derivative claim under Rule 10(c),

Rule 15(c)’s relation-back provision does not apply to these claims. Since adding these

claims to his 2015 Complaint would interpose a filing date after the applicable

limitation periods had expired, the trial court properly denied Spoor’s Rule 15(a)

motion to amend on futility grounds. In light of this conclusion, we decline to address

Spoor’s remaining Rule 15(a) arguments. Cf. Yarbrough, 117 N.C. App. at 347, 451

S.E.2d at 364 (“[W]e cannot determine the trial court’s reason for denying the [Rule

15(a)] motion. This, however, will not preclude our examining any apparent reasons

 - 14 -
 SPOOR V. BARTH

 Opinion of the Court

for the denial.” (citation omitted)); see also Dobias v. White, 240 N.C. 680, 688, 83

S.E.2d 785, 790 (1954) (“[T]here is sound authority to the effect that where the court

below has reached the correct result, the judgment may be affirmed even though the

theory on which the result is bottomed is erroneous.” (citations omitted)).

 III. Conclusion

 Because Spoor’s 2012 Complaint only advanced a single derivative claim for

breach of fiduciary duty against Jr., we affirm the trial court’s Rule 12(b)(6) dismissal

of Spoor’s first 2015 derivative claim against both defendants, and his second 2015

derivative claim against Sr., as barred by the statutes of limitation. However,

because Spoor’s 2012 Complaint asserted a derivative breach of fiduciary duty claim

against Jr., Rule 41(a)(1)’s one-year saving provision applied to interpose a 14

February 2012 filing date on the second 2015 derivative claim against Jr. The

allegations of Spoor’s 2012 Complaint do not definitively establish that this claim was

barred by the statute of limitations. Rather, as in Spoor I, liberally construing Spoor’s

2012 Complaint raises a factual question as to when this claim accrued and, thus,

whether it was timely asserted. Therefore, we reverse the trial court’s dismissal of

the second 2015 derivative claim against Jr. on statute-of-limitation grounds.

Additionally, because Spoor’s 2012 Complaint never alleged derivative fraud and

UDTP claims against defendants, adding those claims to his 2015 Complaint would

 - 15 -
 SPOOR V. BARTH

 Opinion of the Court

be effectively barred by the statutes of limitation. Accordingly, the trial court did not

abuse its discretion in denying Spoor’s Rule 15(a) motion for futility.

 AFFIRMED IN PART; REVERSED IN PART.

 Judges DIETZ and INMAN concur.

 - 16 -