ELMORE, Judge.
*722 Richard B. Spoor (plaintiff), derivatively on behalf of JR International Holdings, LLC ("JR Holdings"), appeals from an order (1) dismissing under Rule 12(b)(6) his derivative claims against John Barth Sr. ("Sr.") and John Barth Jr. ("Jr.") (defendants) as barred by the statute of limitations and (2) denying his Rule 15(a) motion to amend his complaint to add additional derivative claims as futile. We affirm in part and reverse in part.
I. Background
This is Spoor's second appeal to our Court. While we address only the factual and procedural background relevant to address this appeal, a more thorough background of this case may be found in our prior decision. See Spoor v. Barth , 244 N.C. App. 670, 671-76, 781 S.E.2d 627, 629-32, disc. rev. and cert. denied , --- N.C. ----, 787 S.E.2d 38, and *723 disc. rev. and cert. denied , --- N.C. ----, 789 S.E.2d 4 (2016) (" Spoor I ").
In 2012, Spoor filed his first amended complaint ("FAC") and second amended complaint ("SAC") (collectively, the "2012 Complaint") against Sr. and Jr., asserting several individual claims against both defendants and one derivative claim, on behalf of JR Holdings, against Jr. for breach of fiduciary duty. In response, Sr. moved for summary judgment on grounds that Spoor lacked standing and that his claims were barred by the statutes of limitation; Jr. moved for summary judgment on the ground that Spoor lacked standing. On 19 June 2014, the trial court granted summary judgment in defendants' favor as to Spoor's individual claims on the grounds asserted by defendants. On 17 September 2014, Spoor moved under Rule 41(a)(1) of our Rules of Civil Procedure to voluntarily dismiss his derivative claim. Spoor then appealed the summary judgment order, which we reversed. See Spoor I , 244 N.C. App. at 684-85, 781 S.E.2d at 637. We held that the statute of limitations issue as to Spoor's individual claims against Sr. raised a question of fact for the jury, and that Spoor had standing to sue defendants individually. Id. at 681-82, 684-85, 781 S.E.2d at 635, 637.
On 10 September 2015, within one year of his Rule 41(a)(1) dismissal, Spoor filed another complaint ("2015 Complaint"), asserting derivative claims against both defendants for breach of contract ("first 2015 derivative claim") and for breach of fiduciary duty ("second 2015 derivative claim"). On 7 October 2015, Spoor amended his 2015 Complaint as a matter of course under Rule 15(a) of our Rules of Civil Procedure "solely to change the style of the case to show that he is bringing the case derivatively only and not individually." On 2 November 2015, Spoor again moved under Rule 15(a) to amend his 2015 Complaint to add derivative claims for fraud and for unfair and deceptive trade practices ("UDTP") against both defendants. Relevant here, defendants moved under Rule 12(b)(6) to dismiss the 2015 Complaint, alleging that Spoor's first and second 2015 derivative claims were barred by the statutes of limitation, and that Rule 41(a)(1)'s one-year extension period did not apply to save those claims.
After these and other motions were consolidated and heard on 8 April 2016, the trial court entered an order on 12 October 2016. In relevant part, that order granted defendants' Rule 12(b)(6) motion on the ground that Spoor's derivative claims were barred by the statutes of limitation, thereby dismissing those claims with prejudice; and denied Spoor's Rule 15(a) motion to add the derivative fraud and UDTP claims in relevant part for futility, effectively ending Spoor's 2015 action. Spoor appeals.
*724 II. Analysis
On appeal, Spoor contends the trial court erred by dismissing with prejudice his first and second 2015 derivative claims under Rule 12(b)(6). He contends the trial court erroneously concluded that his 2012 Complaint neither alleged (1) those derivative claims against defendants, nor (2) the derivative *612 fraud and UDTP claims, on the ground that he effectively incorporated by reference those claims in his 2012 Complaint under Rule 10(c) of our Rules of Civil Procedure. Spoor further contends that the trial court erred by concluding (3) his derivative fraud and UDTP claims would not relate back to the date he filed his 2012 Complaint under Rule 15(c) of our Civil Procedure Rules and, therefore, that the trial court (4) abused its discretion by denying his Rule 15(a) motion to add those claims on the ground that his proposed amendment would be futile.
A. Rule 12(b)(6) Dismissal
Spoor first contends the trial court erred in dismissing on statute-of-limitation grounds his first and second 2015 derivative claims against defendants. He argues the trial court erroneously concluded that he did not assert these claims in his 2012 Complaint, because, Spoor contends, he effectively "incorporat[ed] those claims in his derivative claim" under Rule 10(c). Thus, Spoor argues, Rule 41(a)(1)'s relation-back provision applied to interpose a filing date on those claims of the date his 2012 Complaint was filed and, therefore, his first and second 2015 derivative claims were asserted within the applicable statutory limitation periods. We disagree.
We review de novo a Rule 12(b)(6) dismissal order. State Emps. Ass'n of N.C., Inc. v. N.C. Dep't of State Treasurer , 364 N.C. 205, 210, 695 S.E.2d 91, 95 (2010). The scope of our review is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." Id. (citations and quotation mark omitted). Our "system of notice pleading affords a sufficiently liberal construction of complaints so that few fail to survive a motion to dismiss." Wray v. City of Greensboro , --- N.C. ----, ----, 802 S.E.2d 894, 898 (2017) (citation and quotation mark omitted). But "[d]ismissal is warranted if an examination of the complaint reveals that no law supports the claim, or that sufficient facts to make a good claim are absent, or that facts are disclosed which necessarily defeat the claim." State Emps. Ass'n of N.C. , 364 N.C. at 210, 695 S.E.2d at 95 (citation omitted). Claims asserted after the statutory limitation period has expired cannot survive. See, e.g. , *725 Marzec v. Nye , 203 N.C. App. 88, 93, 690 S.E.2d 537, 541 (2010) ("[A] motion to dismiss under Rule 12(b)(6) is an appropriate method of determining whether the statutes of limitation bar [a] plaintiff's claims if the bar is disclosed in the complaint." (citation and quotation marks omitted)).
Rule 8(a)(1) of our Rules of Civil Procedure requires that complaints include "[a] short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief...." N.C. Gen. Stat. § 1A-1, Rule 8(a)(1) (2015). A complaint sufficiently states a claim upon which relief can be granted when
it gives sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand the nature of it and the basis for it, to file a responsive pleading, and by using the rules provided for obtaining pretrial discovery to get any additional information he may need to prepare for trial.
Wray , --- N.C. at ----, 802 S.E.2d at 898 (citation and quotation marks omitted).
Here, in his 2012 Complaint, Spoor advanced in relevant part the following individual claims: (1) a breach of contract as a third-party beneficiary claim against Sr., (2) a breach of fiduciary duty claim against Jr., (3) a fraud claim against both defendants, and (4) a UDTP claim against both defendants. After listing those claims, Spoor also advanced a single "DERIVATIVE CLAIM" in which he "reallege[d] the allegations of" every preceding paragraph of his 2012 Complaint, but specifically advanced only a derivative breach of fiduciary duty claim against Jr ("2012 derivative claim"). The 2012 derivative claim alleged in relevant part:
143. Plaintiff realleges the allegations of Paragraphs 1 through 142.
144. Barth, Jr. owes a fiduciary duty to JR International Holdings, LLC, and to Plaintiff.
145. Barth, Jr. has breached his fiduciary duty by failing to perform on his commitment to invest or contribute the sum of *613 $8,000,000 to JR International Holdings, LLC.
146. This breach by Barth, Jr. was knowing, willful, wanton and grossly negligent.
*726 147. Barth, Jr's breach has damaged JR International Holdings, LLC and Plaintiff in an amount in excess of $8,000,000.
148. Plaintiff has made several demands in and after October 2011 on Barth, Jr. that he fulfill his obligation to invest or contribute $8,000,000 into JR International Holdings, LLC, but Barth, Jr. has continued to fail and refuse to do so. On February 11, 2009, Plaintiff, through counsel, wrote to Barth, Jr., advising Barth, Jr. of his failure to make his contractual contribution of funds to JR International Holdings, LLC, and, demanded that Barth, Jr. remedy the situation by making his agreed payment of $8,000,000 to JR International Holdings, LLC. On October 5, 2011, Plaintiff filed his original Complaint in this action against Barth, Jr., in which he complained that Barth, Jr. had failed to fulfill his obligation to invest or contribute $8,000,000 into JR International Holdings, LLC, and demanded that Barth, Jr. remedy that situation by making his agreed payment of $8,000,000 to JR International Holdings, LLC.
In his 2015 Complaint, Spoor, on behalf of JR Holdings, advanced derivative claims against both defendants for breach of contract, the first 2015 derivative claim, and for breach of fiduciary duty, the second 2015 derivative claim.
Spoor argues on appeal that his 2012 derivative claim effectively incorporated by reference all of the individual claims he asserted in his 2012 Complaint under Rule 10(c) and, therefore, his first and second 2015 derivative claims were properly alleged in his 2012 Complaint. We disagree.
Rule 10(c) of our Rules of Civil Procedure provides: "Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading...." N.C. Gen. Stat. § 1A-1, Rule 10(c) (2015). However, even when construing a complaint liberally, Rule 10(c) does not permit courts to "engage in judicial amending or rewriting of pleadings." FCX, Inc. v. Bailey , 14 N.C. App. 149, 152, 187 S.E.2d 381, 382-83 (1972) (holding that a plaintiff did not effectively under Rule 10(c) incorporate by reference a breach of contract claim against one party, when it alleged a breach of contract claim against another party).
Even under our notice-pleading standard, we conclude that Spoor's 2012 derivative claim was alleged so specifically that it failed to put Sr. on notice of any derivative claims against him, or to put Jr. on notice of *727 a derivative breach of contract claim against him. Spoor was entitled under Rule 10(c) to incorporate factual allegations by reference into his 2012 derivative claim. But even under a liberal construction, to interpret the 2012 derivative claim as effectively incorporating by reference every other individual claim asserted in the 2012 Complaint would amount to impermissible "judicial amending or rewriting of pleadings." FCX , 14 N.C. App. at 152, 187 S.E.2d at 382-83.
Rule 41(a)(1) of our Rules of Civil Procedure provides that when a party voluntarily dismisses a claim without prejudice, "a new action based on the same claim may be commenced within one year after such dismissal...." N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (2015). But Rule 41(a)(1) 's relation-back provision applies only to claims in a subsequent complaint that were included in the voluntarily dismissed complaint. See Williams v. Lynch , 225 N.C. App. 522, 523, 741 S.E.2d 373, 374 (2013) ("Although [the plaintiff] contends the causes of action in her second complaint were timely under Rule 41 because they arose out of the same facts and transactions as her first complaint, binding precedent requires that we look only at whether the claims in the second complaint were included in the first complaint.").
Because the only derivative claim Spoor advanced in his 2012 Complaint was one for breach of fiduciary duty against Jr., the trial court properly concluded that Rule 41(a)(1) 's relation-back provision did not apply to the first or second 2015 derivative claims against Sr., or to the first 2015 derivative claim against Jr. Since those claims were first brought in the 2015 Complaint, after the applicable limitation periods had expired, the trial court properly dismissed those claims under Rule 12(b)(6) as barred by the statutes of limitation. However, because Spoor *614 brought a derivative breach of fiduciary duty claim against Jr. in his 2012 Complaint, Rule 41(a)(1) 's relation-back provision applied to the second 2015 derivative claim against Jr., interposing a filing date of 14 February 2012, when Spoor filed his FAC.
Typically, "[b]reach of fiduciary duty claims accrue upon the date when the breach is discovered and are subject to a three year statute of limitations." Trillium Ridge Condo. Ass'n, Inc. v. Trillium Links & Vill., LLC , 236 N.C. App. 478, 501, 764 S.E.2d 203, 219 (2014) (citation omitted). However, "[t]he provisions of a written contract may be modified or waived ... by conduct which naturally and justly leads the other party to believe the provisions of the contract are modified or waived." Whitehurst v. FCX Fruit & Vegetable Serv., Inc. , 224 N.C. 628, 636, 32 S.E.2d 34, 39 (1944) (citations omitted).
*728 In Spoor I , we specifically addressed whether Spoor's individual claims against Sr. were subject to a summary judgment dismissal on statute-of-limitation grounds. 244 N.C. App. at 678-80, 781 S.E.2d at 633. We held that Spoor's 2012 Complaint raised a factual question as to when those claims actually accrued due to Sr. and Jr.'s repeated reassurances that they would deliver on their promised $8,000,000 contribution. Id. at 679-80, 781 S.E.2d at 634-35. Reviewing the allegations of Spoor's 2012 Complaint, we explained:
The complaint also alleged that on 17 August 2009, Junior submitted to AmerLink's bankruptcy attorney an e-mail purporting to be from Senior which committed to providing "money necessary to purchase the AmerLink loan from NCB. I understand that this may be $8.2M. This loan will be made upon plan confirmation." The following day on 18 August 2009, Senior notified AmerLink's bankruptcy attorney that he was not the source of the 17 August 2009 e-mail and that "he has no intention to provide any financing in connection with the AmerLink Chapter 11."
Id. at 676, 781 S.E.2d at 631. Thus, we reasoned:
A jury could determine that plaintiff's causes of action did not accrue until 18 August 2009 when Senior notified AmerLink's bankruptcy attorneys that Senior had no intention of financing AmerLink's Chapter 11 bankruptcy, contrary to the assurances made by Junior. Therefore, plaintiff's first amended complaint filed 14 February 2012 that included Senior as a defendant would have been commenced within the three-year statute of limitations for the breach of contract and fraud claims....
Id. at 681, 781 S.E.2d at 635. Accordingly, we reversed the trial court's summary judgment ruling on the statute-of-limitation grounds. Id.
Under the law-of-the-case doctrine,
when an appellate court passes on a question and remands the cause for further proceedings, the questions there settled become the law of the case, both in subsequent proceedings in the trial court and on subsequent appeal, provided the same facts and the same questions which were determined in the previous appeal are involved in the second appeal.
*729 Hayes v. City of Wilmington , 243 N.C. 525, 536, 91 S.E.2d 673, 681-82 (1956) (citations omitted). While this case presents a question as to when Spoor's derivative breach of fiduciary duty claim against Jr. accrued for purposes of a Rule 12(b)(6) dismissal, the same facts are present, and we see no analytical difference between this question and the question we decided in Spoor I under the more stringent summary judgment review standard. Spoor's 2012 Complaint does not contain allegations establishing that the statute of limitations has run as to the derivative breach of fiduciary duty claim based on Jr.'s failure to perform on his commitment to invest $8,000,000 to JR Holdings. Liberally construing the allegations in Spoor's 2012 Complaint similarly raises a factual question as to when a derivative breach of fiduciary duty claim against Jr. actually accrued. Therefore, Spoor's second 2015 derivative claim against Jr. was improperly dismissed under Rule 12(b)(6) as barred by the statute of limitations, and we reverse the trial court's ruling on this claim.
In summary, we affirm the trial court's Rule 12(b)(6) ruling to the extent that it dismissed Spoor's first 2015 derivative claim *615 against Sr. and Jr., and his second 2015 derivative claim against Sr., as these claims were barred by the statute of limitations. But we reverse the trial court's ruling to the extent that it dismissed Spoor's second 2015 derivative claim against Jr. on statute-of-limitation grounds.
B. Rule 15(a) Denial
Spoor next contends that the trial court abused its discretion by denying on futility grounds his Rule 15(a) motion to amend his 2015 Complaint to add derivative claims against defendants for fraud and UDTP. He contends the trial court improperly concluded that he failed to allege these claims in his 2012 Complaint for the same reason advanced above-that is, that Spoor effectively incorporated by reference these individual claims into his derivative claim under Rule 10(c). Therefore, Spoor argues, these claims should have related back to the filing of his 2012 Complaint under Rule 15(c) of our Rules of Civil Procedure. We disagree.
Rule 15(a) of our Rules of Civil Procedure provides that where, as here, a party has previously amended his pleading once as a matter of course, "a party may amend his pleading only by leave of court ... and leave shall be freely given when justice so requires...." N.C. Gen. Stat. § 1A-1, Rule 15(a) (2015). But justice does not so require when an amendment would be futile. See, e.g. , Smith v. McRary , 306 N.C. 664, 671, 295 S.E.2d 444, 448 (1982) ("The facts [the plaintiff] attempts to add[ ] ... are insufficient to state a second claim for relief; therefore *730 [the] plaintiff's proposed amendment could not withstand a motion to dismiss for failure to state a claim. Because to grant his motion to amend would be a futile gesture, the denial of his motion was not error." (citations omitted)); City of Winston-Salem v. Yarbrough , 117 N.C. App. 340, 347-48, 451 S.E.2d 358, 364 (1994) ("Reasons which might justify ... a [ Rule 15(a) ] denial include the futility of a proposed amendment. Where the facts alleged in a proposed amendment would not state a claim for relief, it is not error to deny the motion to amend." (citations omitted)). "A motion to amend under Rule 15(a) is addressed to the sound discretion of the trial judge and the denial of such motion is not reviewable absent a clear showing of an abuse of discretion." Smith , 306 N.C. at 671, 295 S.E.2d at 448 (citations and internal quotation marks omitted).
Rule 15(c) of our Rules of Civil Procedure governs the relation back of Rule 15(a) amendments and provides:
A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.
N.C. Gen. Stat. § 1A-1, Rule 15(c) (2015).
Spoor contends that his 2012 Complaint gave defendants sufficient notice of the derivative fraud and UDTP claims he proposed adding to his 2015 Complaint and, therefore, under Rule 15(c), those claims should relate back to the 2012 Complaint and be interposed with the FAC's 14 February 2012 filing date. We disagree.
Having concluded above that Spoor's 2012 Complaint only advanced a single derivative claim for breach of fiduciary duty against Jr., and that his individual claims were not incorporated by reference into his derivative claim under Rule 10(c), Rule 15(c) 's relation-back provision does not apply to these claims. Since adding these claims to his 2015 Complaint would interpose a filing date after the applicable limitation periods had expired, the trial court properly denied Spoor's Rule 15(a) motion to amend on futility grounds. In light of this conclusion, we decline to address Spoor's remaining Rule 15(a) arguments. Cf. Yarbrough , 117 N.C. App. at 347, 451 S.E.2d at 364 ("[W]e cannot determine the trial court's reason for denying the [ Rule 15(a) ] motion. This, however, will not preclude our examining any apparent reasons for the denial." (citation omitted)); see also Dobias v. White , 240 N.C. 680, 688, 83 S.E.2d 785, 790 (1954) ("[T]here is sound authority to the *616 effect that *731 where the court below has reached the correct result, the judgment may be affirmed even though the theory on which the result is bottomed is erroneous." (citations omitted)).
III. Conclusion
Because Spoor's 2012 Complaint only advanced a single derivative claim for breach of fiduciary duty against Jr., we affirm the trial court's Rule 12(b)(6) dismissal of Spoor's first 2015 derivative claim against both defendants, and his second 2015 derivative claim against Sr., as barred by the statutes of limitation. However, because Spoor's 2012 Complaint asserted a derivative breach of fiduciary duty claim against Jr., Rule 41(a)(1) 's one-year saving provision applied to interpose a 14 February 2012 filing date on the second 2015 derivative claim against Jr. The allegations of Spoor's 2012 Complaint do not definitively establish that this claim was barred by the statute of limitations. Rather, as in Spoor I , liberally construing Spoor's 2012 Complaint raises a factual question as to when this claim accrued and, thus, whether it was timely asserted. Therefore, we reverse the trial court's dismissal of the second 2015 derivative claim against Jr. on statute-of-limitation grounds. Additionally, because Spoor's 2012 Complaint never alleged derivative fraud and UDTP claims against defendants, adding those claims to his 2015 Complaint would be effectively barred by the statutes of limitation. Accordingly, the trial court did not abuse its discretion in denying Spoor's Rule 15(a) motion for futility.
AFFIRMED IN PART; REVERSED IN PART.
Judges DIETZ and INMAN concur.