IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-111

Filed 06 June 2023

Mecklenburg County, No. 14 CVD 002667

ANDREA CROWELL, Plaintiff,

v.

WILLIAM CROWELL, Defendant.

Appeal by Plaintiff from order entered 16 July 2021 by Judge Christy T. Mann

in Mecklenburg County District Court. Heard in the Court of Appeals 4 October 2022.

> *Law Office of Thomas D. Bumgardner, PLLC, by Thomas D. Bumgardner, and*
> *Plumides, Romano & Johnson, PC, by Richard B. Johnson, for plaintiff-*
> *appellant.*
>
> *No brief filed for defendant-appellee.*

MURPHY, Judge.

In *Crowell v. Crowell*, 372 N.C. 362, 368 (2019), a previous appeal in this case,

our Supreme Court held that the trial court may not specifically order Plaintiff to

liquidate items of separate property to satisfy a distributive award. However, the

previous holding did not prohibit the trial court from entering a distributive award

that incidentally or indirectly affects Plaintiff's separate property. Where the trial

court entered a new order that did not directly affect Plaintiff's separate property

rights, that order did not violate the law of this case.

However, a trial court may not reduce a distributive award to a money judgment in an initial order. Here, where the end result of the previous appeal was a total vacation of the appealed order, the trial court was not permitted to initially reduce the distributive award in the new order to a money judgment on remand as no proper grounds existed to do so. Accordingly, we partially vacate the new order and remand for the entry of a proper distributive award.

## BACKGROUND

Plaintiff and Defendant were married on 11 July 1998, separated on 3 September 2013, and divorced in April 2015. As of the date of separation, Plaintiff and Defendant had incurred a significant amount of marital debt. On 17 February 2014, Plaintiff filed a complaint against Defendant for equitable distribution, alimony, and postseparation support. Defendant filed an answer to the complaint and included a counterclaim for equitable distribution.

From 6 July 2016 to 8 July 2016, the issues of equitable distribution and alimony were tried in Mecklenburg County District Court. The parties had stipulated in the final pretrial order that 14212 Stewarts Bend Lane, 14228 Stewarts Bend Lane, and 14512 Myers Mill Lane were all Plaintiff's separate property, and the trial court distributed the properties, along with their underlying debts, to Plaintiff. The trial court also found the following:

> As a result of this equitable distribution Defendant[] will
> have more debt than property and Plaintiff[] will have to

> liquidate her property to pay the distributive award. . . .
> Neither party has any liquid marital property left. . . .
> There was no choice but to distribute all the debts to
> Defendant[] in his case which results in a heavy burden he
> may never be able to pay before his death and a distributive
> award owed by Plaintiff[] that she may never be able to pay
> before her death.

On 15 August 2016, the trial court entered its equitable distribution judgment and alimony order, denying alimony and specifically ordering Plaintiff to liquidate 14212 Stewarts Bend Lane and 14228 Stewarts Bend Lane to satisfy the distributive award to Defendant. On 14 September 2016, Plaintiff appealed from the equitable distribution judgment and alimony order; and, on 2 January 2018, this Court issued a divided opinion. *See Crowell v. Crowell*, 257 N.C. App. 264, 285 (2018). The Majority opinion held, in relevant part, that the trial court did not err by "considering" Plaintiff's separate property and ordering her to liquidate it to satisfy a distributive award to Defendant. *Id.* However, on 16 August 2019, our Supreme Court issued a unanimous opinion reversing this Court's affirmation of the equitable distribution judgment and order and remanding with further orders to remand to the trial court. *Crowell v. Crowell*, 372 N.C. 362, 368 (2019). The Court concluded that "the trial court distributed separate property . . . when it ordered Plaintiff to liquidate her separate property to pay a distributive award" and that "there is no distinction to be made between 'considering' and 'distributing' a party's separate property in making a distribution of marital property or debt where the effect of the resulting order is to divest a party of property rights she acquired before marriage." *Id.* Our

Supreme Court ultimately held the trial court could not order Plaintiff to liquidate her separate property to satisfy the distributive award because "trial courts are not permitted to disturb rights in separate property in making equitable distribution award orders." *Id.* at 370.

Pursuant to our Supreme Court's holding, the trial court held a hearing on 10 February 2021; and, on 16 July 2021, the trial court issued an *Amended Equitable Distribution Judgment and Alimony Order*. The trial court concluded "Plaintiff[] has the ability to pay the distributive award as outlined herein[,]" incorporated the bulk of the 2016 order by reference, and entered the following distribution order:

> 1. Paragraph 6 (a) – (d) of the Decretal Section of the Original Order is hereby amended as follows:
>
> In order to accomplish the equitable distribution, Plaintiff[] is required to pay a distributive award of Eight Hundred Sixteen Thousand Seven Hundred Ninety-Four Dollars and no/100 ($816,794[.00]) to be paid as follows:
>
> > a. A lump [sum] payment of Ninety Thousand Dollars and no/100 ($90,000[.00]) within sixty (60) days from [10 February 2021].
> >
> > b. A second lump [sum] payment of One Hundred Thousand Dollars and no/100 ($100,000[.00]) within ninety (90) days of [20 February 2021].
> >
> > c. A third lump [sum] payment of Two Hundred Ten Thousand Dollars and no/100 ($210,000[.00]) on or before [10 February 2022].
> >
> > d. The balance of Four Hundred Twenty-Four Thousand Two Hundred Ninety-Four Dollars and no/100 ([$424,294.00]) owed is reduced to judgment and shall be

taxed with post judgment interest and collected in accordance with North Carolina law.

2. Except as specifically modified herein, the parties' separate property, marital property, and divisible property shall remain as it was previously classified, valued, and distributed in the [15 August 2016 order].

3. Except as specifically modified herein, the [15 August 2016 order] shall remain in full force and effect.

(Marks omitted.)  Plaintiff timely appealed.

## ANALYSIS

In substance, Plaintiff makes two arguments on appeal: (A) that the trial court's 16 July 2021 order was erroneous because, in effect, the order required Plaintiff to liquidate the same properties at issue in the first appeal and (B) the trial court was not authorized under the Equitable Distribution Act to reduce the distributive award in the 16 July 2021 order to a money judgment.[1]  For the reasons stated below, the current order does not violate the law of this case; however, as the trial court was not authorized to reduce the distributive award in the 2021 order to a money judgment, we vacate and remand in part for the entry of a distributive award consistent with this opinion.

_____

[1] Plaintiff also argues the trial court was without jurisdiction to enter injunctive relief while the matter was on appeal.  However, while the Record contains Defendant's motion for injunctive relief and Plaintiff's response to that motion, nowhere does it appear that the trial court actually ruled on the motion.  It was Plaintiff's duty and opportunity to supply an adequate record on appeal, and we decline to opine on an order not presented to us. *See* N.C. R. App. P. 9(a)(1)(h) (2023) ("In appeals from the trial division of the General Court of Justice, review is solely upon the record on appeal. . . .  The printed record in civil actions . . . shall contain[] . . . a copy of the judgment, order, or other determination from which appeal is taken[.]").

## A. 2021 Order

Plaintiff first argues the trial court erred in entering the 16 July 2021 order because the practical effect of the order was to require Plaintiff to liquidate the same properties our Supreme Court held the trial court could not order her to liquidate during the previous appeal, thus violating the law of this case. *See Spoor v. Barth*, 257 N.C. App. 721, 728 (2018) (citing *Hayes v. City of Wilmington*, 243 N.C. 525, 536 (1956)) ("Under the law-of-the-case doctrine, when an appellate court passes on a question and remands the cause for further proceedings, the questions there settled become the law of the case, both in subsequent proceedings in the trial court and on subsequent appeal, provided the same facts and the same questions which were determined in the previous appeal are involved in the second appeal."). Plaintiff breaks this argument into three distinct sub-arguments: first, because the trial court's finding that the only way Plaintiff could satisfy a distributive award was to liquidate separate property was undisturbed in the previous appeal, the effect of the distributive award in the 2021 order remains violative of our Supreme Court's previous holding; second, the 2021 order attempts to change the finding of fact that Plaintiff was unable to satisfy the distributive award without liquidating the properties; and, third, the trial court exceeded the scope of the previous holding by including, without taking new evidence, that "Plaintiff[] has the ability to pay the distributive award as outlined herein."

Each of these arguments is predicated on a misreading of our Supreme Court's

holding. The original order was not overturned on the basis that it had some propensity to affect Plaintiff's separate property; rather, it was overturned because "the trial court ordered [P]laintiff to *use* specific items of separate property to satisfy marital debt, *immediately* affecting her rights in that property." *Crowell*, 372 N.C. at 369 (second emphasis added). Indeed, the Court's opinion explicitly recognized that a distributive award with a collateral effect on separate property is not only permissible, but to be expected:

> [W]here a marriage is in debt, it is difficult to envision a scenario in which the making of a distributive award will not affect a party's separate property in some manner. Nevertheless, within the confines of N.C.G.S. § 50-20, the trial court in this case was only permitted to use that debt in calculating the amount of the distributive award, not to dictate how the debt was to be paid.

*Id.* at 371; *see also id.* at 369 n.4 (recognizing "a trial judge's undoubted authority to consider the amount of separate property held by each party in determining the amount of marital property and debt that should be distributed to each party at the conclusion of the equitable distribution process").

In light of a proper reading of the final holding in the previous appeal, each of Plaintiff's arguments fail. The trial court's 2021 order does not require Plaintiff to liquidate separate property, nor would she be required to do so if she were to obtain the funds necessary to pay the distributive award from a different source. Even if we were to take as fixed the trial court's finding that Plaintiff will only have the means to pay the current distributive award by liquidating the properties at issue in the first

appeal,[2] such a finding does not itself transform the ensuing order into a command "to *use* specific items of separate property to satisfy marital debt[.]" *Id.* at 369. And the trial court's new conclusion of law that "Plaintiff[] has the ability to pay the distributive award as outlined herein" is entirely consistent with this distinction in light of Plaintiff's *ability* to liquidate the property if that is how she chooses to satisfy the distributive award. Thus, the trial court's 2021 order in no way violates the law of this case.

## B. Distributive Award as a Money Judgment

Plaintiff next argues the trial court erred by reducing the distributive award to a money judgment. Although much of this argument is derivative of her position that the 2021 order violates the law of the case, the bulk of it concerns the trial court's authority to reduce the distributive award to the *form* of a judgment. According to Plaintiff, the trial court was not permitted to reduce the award to judgment. We agree.

Under N.C.G.S. § 50-20, a distributive award is "payable either in a lump sum or over a period of time in fixed amounts"; no specific statutory provision authorizes payment in the form of a money judgment. N.C.G.S. § 50-20(b)(3) (2021). While we

---

[2] This proposition, we note, is based on an incorrect reading of the case's procedural history. The North Carolina Supreme Court's holding was not limited to a narrow correction of the original distribution order; rather, it reversed our partial affirmance of the trial court's order, and the other part of that mandate was to vacate. *See Crowell*, 257 N.C. App. at 285 (2018), *rev'd*, 372 N.C. at 371. In other words, the end result of the previous appeal was to fully vacate the equitable distribution order; the original findings of fact were not, as Plaintiff contends, "undisturbed on appeal."

have previously suggested in dicta that, despite the lack of express statutory authorization, *past-due* equitable distribution payments may be reduced to a money judgment, *see Romulus v. Romulus*, 216 N.C. App. 28, 36-37 (2011), we only did so to an extent commensurate with the analogous statutory provisions for past-due child support and alimony payments. *See* N.C.G.S. § 50-13.4(f)(8) (2021) ("[P]ast due periodic [child support] payments may by motion in the cause or by a separate action be reduced to judgment which shall be a lien as other judgments and may include provisions for periodic payments."); N.C.G.S. § 50-16.7(i) (2021) ("[P]ast-due periodic [alimony] payments may by motion in the cause or by a separate action be reduced to judgment which shall be a lien as other judgments."). However, our observation in *Romulus* specifically concerned an action to enforce past-due payments and has never been extended to initial distributive awards.

Here, the distributive award at issue was not past due. The 2021 order, despite being informed by the same valuations used to create the order at issue in the first appeal and nominally having been "amended," was actually an entirely new order.[3] And, while there is precedent for the ability for an award to be past-due on remand where an award is partially, rather than fully, vacated, an appellate court must clarify such a limitation on its holding in order for that rule to apply. *See Quick v.*

---

[3] For the reasons stated previously, the effect of the Supreme Court's opinion in the previous appeal was to fully vacate the original order and the distribution award it authorized. *See supra* fn. 2.

*Quick,* 305 N.C. 446, 462 (1982) ("We have vacated only that portion of the trial court order dealing with the *amount* of alimony. The parties' stipulation that plaintiff is *entitled* to alimony is in no way disturbed and remains in full force and effect for the hearing on remand."), *superseded in part by statute,* N.C.G.S. § 50-13.4(f)(9) (1983).

Without any limitation on the previous order of our Supreme Court, the award contained in the current order could not have been past due, and even the reasoning in dicta in *Romulus* would not authorize its reduction to a money judgment. We vacate the portion of the trial court's 2021 order concerning the form and amount of the distributive award—specifically, item (1) of the decretal section of the *Amended Equitable Distribution Judgment and Alimony Order*—and remand for the entry of a form of distributive award authorized by N.C.G.S. § 50-20.

## CONCLUSION

As our Supreme Court's opinion in the previous appeal did not prohibit the entry of distributive awards with incidental effects on Plaintiff's separate property, the trial court's *Amended Equitable Distribution Judgment and Alimony Order* did not violate the law of this case. However, the trial court was not authorized to reduce the distributive award in the 2021 order to a money judgment, and we vacate and remand in part for the entry of a distributive award consistent with this opinion.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.

Chief Judge STROUD and Judge GORE concur.